Mr. Justice Moore
delivered the opinion of the Court.
Plaintiffs in error, to whom we will refer as Bunzels, operate recreational facilities in the city of Golden and in connection therewith the city of Golden had issued to them a license to sell at retail fermented malt beverages (3.2 per cent beer).
May 24, 1962, the city council of Golden, the licensing authority which issued the license, adopted a resolution authorizing issuance of a notice to Bunzels to appear before it for a hearing on the question of whether their license should be revoked.
Bunzels appeared pursuant to the notice and objected.to the assumption of jurisdiction by the council. They asserted that the city of Golden had no power or authority to revoke the license. Following the hearing the council revoked the license and Bunzels sought review in the district court of Jefferson county, where the action of the city council was upheld and judgment to that effect entered. The Bunzels are here by writ of error to review the judgment.
Pertinent provisions of the statutes are as follows, C.R.S. ’53, 75-1-6:
*354 “(3) A retailer’s license shall be granted and issued to any person, partnership, association, organization or corporation qualifying under section 75-1-5 to sell at retail the said fermented malt beverages as defined in this article, upon paying an annual license fee of twenty-five dollars to the department of revenue, and an annual license fee of twenty-five dollars to the licensing authorities of the town, city, or city and county. * * * ”
75-1-7:
“ * * * The state licenses as herein provided for shall be issued by the secretary of state and the licenses required in cities, towns, counties, or city and county shall be issued by the council, board of trustees or licensing authorities of the cities, towns or city and county and by the board of county commissioners of the county.
“The licensing authorities having the power to issue licenses under this article shall likewise have the power to make such reasonable rules and regulations with respect to the sale of fermented malt beverages as they may deem proper, not inconsistent with the provisions of this article.”
The license was issued by the city of Golden pursuant to the foregoing statutory authority. It authorized Bunzels to sell at retail 3.2 per cent beer during the period of time covered by the license “unless this license be sooner revoked as provided by law.”
 Counsel for the city of Golden argue that the power to grant a license carries with it the power to revoke for cause. The city followed generally the procedures prescribed by statute to revoke a license to sell intoxicating liquors with an alcoholic content in excess of 3.2 per cent. (C.R.S. 1953, 75-2-11). This section has no application to the type of license involved in this action. Procedures for the revocation of a license to sell 3.2 per cent beer are controlled by C.R.S. ’53, 75-1-14 where we find the following:
*355 “Any person violating any of the provisions of this article or any of the rules and regulations authorized and adopted under this article or any amendments or additions thereto shall be deemed guilty of a misdemeanor and upon conviction shall be fined not more than three hundred dollars for each offense, or may be punished by confinement in jail for a term of not more than one year, or by both such fine and imprisonment, and upon such conviction any license granted and issued under the provisions of this article to said person so convicted may he revoked and no such license shall thereafter be granted or issued to said person so convicted and all bonds executed under the provisions of this article shall be forfeited on said conviction of said person or party.” (Emphasis supplied.)
It is clear from this language that under the facts shown by the record, the legislature has specifically directed that revocation of the license here involved cannot be effected in the absence of a conviction of an offense described as a misdemeanor by the foregoing statute. The city of Golden could not by ordinance modify or change the act of the legislature even if it had attempted to do so. Under the statute last above quoted the maxim Expressio Unius Est Exclusio Alterius is applicable. Bunzels had never been convicted of “violating any of the provisions of this article (75-1) or any of the rules and regulations authorized and adopted under this article * * * .”
We direct attention to the fact that in the instant case there are no findings that Bunzels sold, possessed or “permitted the consumption on the premises” of any beverages containing alcohol in excess of three and two-tenths per cent. C.R.S. ’53, 75-1-12 provides that it shall be unlawful for a holder of a 3.2 beer license to “sell, possess, or permit the consumption on the premises any of the beverages containing alcohol in excess of three, and two-tenths per cent by weight, * * * Any violation *356 by any licensee of the provisions' of this section shall immediately cause * * * cancellation of the license granted under this article.” This particular section is not involved in the instant case and this opinion is not to be construed as applicable to any situation which might arise under said section.
In the absence of a conviction for violation of the statute, the city of Golden was without power to revoke the license. The attempted revocation being a nullity, the judgment purporting to sustain it is equally ineffective and it is accordingly reversed with directions to enter judgment for the plaintiffs.
Mr. Justice Hall, Mr. Justice McWilliams and Mr. Justice Pringle dissent.